**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GURJIT SINGH UPPAL, | No. 11-70984 |
| Petitioner, | Agency No. A095-585-513 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 10, 2013[**]

Before:   HAWKINS, McKEOWN, and BERZON, Circuit Judges.

Gurjit Singh Uppal, a native and citizen of India, petitions for review of the

Board of Immigration Appeals' ("BIA") order denying his third motion to reopen

removal proceedings. Our jurisdiction is governed by 8 U.S.C. § 1252. We review

for abuse of discretion the BIA's denial of a motion to reopen, and review de novo

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]   The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

claims of due process violations, including claims of ineffective assistance of counsel. *Iturribarria v. INS*, 321 F.3d 889, 894 (9th Cir. 2003). We deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying Uppal's third motion to reopen as untimely and number barred where the motion was filed over five years after the BIA's final order, *see* 8 C.F.R. § 1003.2(c)(2), and Uppal failed to present sufficient evidence of changed circumstances in India to qualify for the regulatory exception to the time limit for filing motions to reopen, *see* 8 C.F.R. § 1003.2(c)(3)(ii); *see also Toufighi v. Mukasey*, 538 F.3d 988, 996-97 (9th Cir. 2008) (underlying adverse credibility determination rendered evidence of changed circumstances immaterial). Uppal's contention that the BIA overlooked or disregarded evidence fails to overcome the presumption that the BIA considered all of the evidence. *See Larita-Martinez v. INS*, 220 F.3d 1092, 1095-96 (9th Cir. 2000). We reject Uppal's contention that the BIA's decision was ambiguous or unclear. We also reject his contention that the BIA failed to provide him with an opportunity to explain his case or to get evidence.

The BIA also did not abuse its discretion in declining to equitably toll the time limitation on motions to reopen on the ground that Uppal did not establish due diligence or prejudice from the alleged ineffective assistance of the two attorneys

2                                                                                          11-70984

who represented him in his prior motions to reopen. *See Iturribarria*, 321 F.3d at 897-903; *Lara-Torres v. Ashcroft*, 383 F.3d 968, 973-976 (9th Cir. 2004) (*amended by* 404 F.3d 1105 (9th Cir. 2005) (to prevail on an ineffective assistance of counsel claim, petitioner must demonstrate prejudice resulting from the ineffective assistance) . We lack jurisdiction to consider any claimed ineffective assistance of counsel with his original attorney because he did not exhaust this before the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004) (court lacks jurisdiction to review contentions not raised before the agency).

In light of our conclusions, we do not address Uppal's contention that he established prima facie eligibility for relief.

We lack jurisdiction to address any challenge Uppal raises to the merits of the BIA's June 30, 2004, order denying his claims for asylum, withholding of removal, and protection under the Convention Against Torture because the petition for review is not timely as to that decision. *See* 8 U.S.C. § 1252(b)(1); *Singh v. Mukasey*, 533 F.3d 1103, 1110 (9th Cir. 2008).

Finally, we deny as moot Uppal's request for a stay of removal.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**